## HATHAWAY V. QUIMBY, appellant.

*Pleading — demurrer — omission to aver plaintiff's right to property in a complaint in an action of trover.*

In an action to recover the value of personal property, claimed to be wrong-fully converted, the complaint set forth that the property was leased to one S., with the condition that if plaintiff should at any time deem himself unsafe, or the property not well *taken care* of, he might take possession of it; that the defendant had, as United States Marshal, seized the property under a bankruptcy warrant against the property of S., and that plaintiff demanded the property of defendant on the grounds that he deemed himself unsafe, and the property not well taken care of, which demand was refused, etc. The fact that plaintiff did deem himself unsafe, and the property not well cared for, was not alleged. *Held,* that a demurrer would lie, on the ground that there were not sufficient facts to constitute a cause of action, there being no averment of plaintiff's right to the property at the time the suit was brought.

APPEAL from an order made and entered at the Cortland special term, overruling a demurrer to the complaint.

The complaint alleged that the plaintiff was, on the 16th day of November, 1871, the owner of certain described property, consisting of horses, wagons and harness; that the property was *hired* of the plaintiff by William M. Simmons by a written lease by which Simmons agreed to pay plaintiff, for the use of the property, $70 per month, the plaintiff "reserving and having the right to terminate the said lease and take the property into his the said plaintiff's possession at any time when he the said plaintiff should deem himself unsafe, or whenever he the said plaintiff should think the property not well taken care of and not well treated." It further alleged that Simmons, under and in pursuance of the contract of hiring, took charge of the property, and commenced to use it in carrying on a livery. It further set forth that the defendant, as United States Marshal, by his deputy, took possession of the property under a warrant in bankruptcy, directing him to seize and keep the property of Simmons. That the property was taken without the knowledge and consent of plaintiff, and that the plaintiff, before the commencement of this action, demanded the property of the deputy marshal "on the ground that plaintiff deemed himself unsafe, and did not think the property well taken care of and well

treated, and on the ground that plaintiff was the owner of said property and entitled to the immediate possession thereof." That the surrender of the property was refused. That defendant "converted the same to his own use," etc.

The defendant demurred to the complaint upon four grounds: (1) No jurisdiction of person. (2) None of subject of action. (3) Another action pending, and the United States Court in Bankruptcy had acquired prior jurisdiction. (4) The complaint does not state facts sufficient to constitute a cause of action.

*Hunt, Green & Weaver*, for appellant.

*Bouton & Champlin*, for respondent.

PARKER, J. The warrant in bankruptcy ran, not only against property subject to execution, but against choses in action and equitable interests. Simmons had a property in the horses, etc., subject to be seized under such warrant, and this was the property levied upon. Plaintiff does not allege the fact on which his right to take the property depended, to wit: *that he deemed himself unsafe*, or *thought* the property not well cared for.

Until the occurrence of one of these facts, Simmons had the right to possess and use the property. The occurrence of neither of these facts is alleged. Simmons' right, therefore, is not shown to have expired. The defendant being authorized and bound to levy upon and seize the rights and interest of Simmons, was not liable to an action for so doing, or for failing to deliver up the property on plaintiff's demand, since it is not shown that plaintiff was then entitled to it. He avers, it is true, that the ground on which he put his demand was, that he deemed himself unsafe, and did not think the property well taken care of and well treated; but he does not allege the fact that he did so deem himself unsafe, and did not think it well cared for.

The allegation that defendant converted the property to his own use, is, as it is stated, but the legal inference from the fact of refusal to deliver up the property to plaintiff, and not the averment of any other fact than those already stated.

We think the complaint defective in the omission of any fact showing plaintiff's right to the possession of the property at the time when the suit was brought, and the demurrer should, therefore, have been sustained.

The order overruling it must be reversed, with costs, with liberty, however, to plaintiff to amend his complaint upon payment of costs of the appeal, and costs consequent upon the demurrer.

*Order reversed and demurrer sustained.*